# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TAVIA WAGNER,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:　6:20-cv-1209-Orl-37LRH

**SAIRAM 300 LLC and SIDDHIVINAYAK 620 LLC,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FRCP 55(b)(2), AFTER CLERK'S ENTRY OF DEFAULT AS TO DEFENDANT SAIRAM 300 LLC AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT (Doc. No. 15)**
>
> **FILED:** September 23, 2020
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

**I.    BACKGROUND.**

On July 8, 2020, Plaintiff Tavia Wagner filed a complaint against Defendants Sairam 300 LLC and Siddhivinayak 620 LLC, alleging violations of Title III of the Americans with Disabilities Act ("ADA"). Doc. No 1. Plaintiff alleges that Siddhivinayak 620 LLC is the lessor and/or operator of the "subject facility" and that Sairam 300 LLC is the lessee operator and/or owner of the

"subject facility." *Id.* ¶¶ 6–7. Plaintiff claims that the "subject facility" and/or "subject facilities" are in violation of the ADA. *Id.* ¶¶ 15–16, 18.

Neither Defendant has appeared in this case. On Plaintiff's motion, Clerk's default was entered against Sairam 300 LLC. Doc. Nos. 12, 14. Clerk's default has not yet been entered against Siddhivinayak 620 LLC. However, based on the Clerk's default against Sairam 300 LLC, Plaintiff now moves for default judgment against Sairam 300 LLC. Doc. No. 15. Upon review, the motion will be denied as premature.

## II.     ANALYSIS.

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

This general rule, however, has exceptions. "[I]n cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, Case No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). The purpose behind this result is the prohibition against logically inconsistent judgments. *See Frow*, 82 U.S. at 554. The United States Court of Appeals for the Eleventh Circuit has also extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint. In this

Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

The rationale of *Frow* and *Gulf Coast Fans* applies here. Entering a default judgment against only Defendant Sairam 300 LLC raises the possibility of inconsistent judgments should Defendant Siddhivinayak 620 LLC successfully defend against Plaintiff's claims. Accordingly, a renewed motion for default judgment against Defendant Sairam 300 LLC may be filed after the case is resolved against Siddhivinayak 620 LLC.

### III. CONCLUSION.

For the reasons stated herein, Plaintiff's Motion for Entry of Judgment Pursuant to FRCP 55(b)(2) After Clerk's Entry of Default as to Defendant Sairam 300 LLC (Doc. No. 15) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on September 25, 2020.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties